UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ZULMA RODRIGUEZ               :        3:15CV01037(JCH)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :        August 3, 2016
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

**<u>RULING ON PLAINTIFF'S APPLICATION AND AFFIDAVIT FOR ATTORNEY'S FEES UNDER 28 U.S.C. SEC. 2412 [Doc. #34]</u>**

On November 1, 2011, plaintiff, Zulma Rodriguez ("plaintiff") applied for supplemental security income benefits claiming that she had been disabled since March 22, 2011. (Certified Transcript of the Record, Compiled on August 8, 2015, (hereinafter "Tr.") Tr. 235-44). Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on January 31, 2014. (Tr. 8-31). After exhausting her administrative remedies, plaintiff filed the Complaint in this case on July 7, 2015. [Doc. #1]. On October 21, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #13]. Following an extension of time [Doc. #20], on January 29, 2016, plaintiff filed her Motion to Reverse or Remand the Decision of the Commissioner ("Motion to Reverse"), along with a

1

supporting memorandum [Doc. #21]. On February 1, 2016, plaintiff filed her Statement of Material Facts. [Doc. #24].[1] On March 29, 2016, the Commissioner, with the consent of plaintiff, filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to Defendant ("Consent Motion to Remand"). [Doc. #29]. The Consent Motion to Remand recognized that "additional administrative action is warranted to remedy the errors in the ALJ's decision." Id. at 1. On April 11, 2016, the undersigned issued a Recommended Ruling granting the Consent Motion to Remand, and finding as moot, plaintiff's Motion to Reverse. [Doc. #31]. On April 14, 2016, Chief Judge Janet C. Hall affirmed, adopted and ratified the Recommended Ruling. [Doc. #32]. Judgment was entered on April 14, 2016. [Doc. #33].

On July 5, 2016, plaintiff filed an application for attorney's fees together with a memorandum in support, affidavits, and a time sheet. [Doc. #34]. The Commissioner has not filed an opposition. For the reasons set forth herein, plaintiff's Application and Affidavit for Attorney's Fees Under

---

[1] This filing came after the Court scheduled a telephonic conference to address plaintiff's non-compliance with the Scheduling Order. [Doc. #22]. Specifically, at the time plaintiff filed her Motion to Reverse or Remand the decision of the Commissioner, plaintiff's memorandum exceeded the maximum allowable page limits and failed to include as an exhibit a Statement of Material Facts.

28 U.S.C. Sec. 2412 [**Doc. #34**] is **GRANTED, in part**, in the amount of **$8,660.64.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff seeks fees in the amount of $11,300.72, representing 58 hours of attorney time at the rate of $194.84 per hour. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as

part of the costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotation marks omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party because the Court granted the Commissioner's Consent Motion to Remand and ordered a remand of

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7.

this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[3] 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a total of 58 hours, at the rate of $194.84 per hour. [Doc. #34 at 2].[4] Although the transcript in this case was comprised of an enormous 4,502 pages, the Court finds that a reduction in fees is warranted. The Court first addresses the time expended summarizing the administrative record, preparing the proposed factual stipulation, and preparing the memorandum of law –

---

[3] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

[4] Although the work on the file occurred in 2015 and 2016, counsel does not differentiate the hourly rate between the two years. In a similar matter the Court has awarded an hourly rate of up to $196.31 per hour. See Dupuy v. Colvin, No. 3:14CV01430 (SALM), 2015 WL 5304181, at *1 (D. Conn. Sept. 9, 2015). Notably, in Dupuy, the Commissioner did not object to the hourly rate sought, but rather to the hours claimed. Id. Here, because there is no objection to the hourly rate sought, the Court finds that the requested rate of $194.84 for the years 2015 and 2016

totaling 42.2 hours.

The Court first notes that counsel for plaintiff represented plaintiff during the administrative proceedings, and therefore should have had at least a working knowledge of the administrative record. See Tr. 14 (ALJ decision noting that plaintiff was represented by Attorney Meryl Ann Spat); Tr. 32 (appearances at administrative hearing include Attorney Meryl Ann Spat). Plaintiff's counsel also has extensive experience in this area of the law. See Doc. #34-1 (listing 77 cases in which counsel has represented plaintiffs in civil actions in this court). Further, although plaintiff's counsel submitted a thorough and well-reasoned brief, the issues raised therein are not overly complex or novel. Additionally, a significant portion of the memorandum appears to incorporate the medical chronology contained in plaintiff's statement of material facts. Accordingly, the Court finds these factors warrant a reduction in the time spent by counsel on her efforts summarizing the administrative record, preparing the proposed factual stipulation, and preparing the memorandum of law. Cf. Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual

---

is reasonable.

and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.") (internal quotations & multiple citations omitted), <u>approved in relevant part</u>, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010). Therefore, the Court will reduce plaintiff's counsel's time for these efforts by two (2) hours.

Also warranting a reduction in time is what the Court perceives to be duplicative billing. For example, on January 4, 2016, plaintiff's counsel billed eight (8) hours to: "Read review Selian et al, review/search current case law; review and summarize impossible volume of evidence to detail and identify all salient portions of transcript; drafting of memorandum." [Doc. #34-2 at 2]. In days prior, however, counsel billed for 22.5 hours reviewing and summarizing the administrative record for purposes of drafting the stipulation of facts. <u>Id.</u> at 1. The Court finds that the work performed on January 4, 2016, is duplicative of that performed on December 31, 2015, and January 1 and 3, 2016, and that this also warrants a slight reduction in time. Accordingly, the Court will reduce plaintiff's counsel's time by two (2) hours.

Further warranting a reduction in counsel's time is what appears to be a duplicative billing entry. On January 5, 2016,

7

plaintiff's counsel billed seven (7) hours for the "Drafting of memorandum of law." [Doc. #34-2 at 2]. On this same date, she billed four (4) hours, for the very same task. Id. Accordingly, the Court will reduce plaintiff's counsel's time by four (4) hours on the basis that the record supports a finding that such hours were duplicative of other work performed on the file.

Next, plaintiff's counsel billed .5 hours for "Estimated time for correspondence/discussion regarding fees for EAJA in absence of necessity for court ruling." [Doc. #34-2 at 2]. The date for this entry is "8/?/16." The Court will not award time that has not actually been spent on the file, and therefore, a further reduction of .5 hours is also warranted.

The Court also finds that a reduction in time is warranted for the time billed on April 15, 2016, for "Memorandum of Law Reviewed." Id. As of April 15, 2016, the undersigned had issued a Recommended Ruling, which was adopted in an endorsement order by Judge Hall. It is hard for the Court to discern what memorandum of law was reviewed at this stage of the proceedings. However, giving plaintiff's counsel the benefit of the doubt that she was in fact reviewing the two-page Recommended Ruling and related docket entries, the Court will not entirely deduct this time, but will instead reduce it by .6 hours. See Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y.

2012) ("[T]he Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did." (collecting cases)).

Finally, the Court notes that plaintiff's counsel billed for the following administrative tasks at the attorney rate:

| Date | Services | Hours |
|---|---|---|
| 7/8/15 | Receipt of Summary of ECF, Motion IPF (sic) filing | .50 |
| 7/8/15 | Complaint, Application and Motion IPF (sic) Filing | .40 |
| 7/9/15 | Summary of ECF with docket number assigned | .10 |
| 7/15/15 | Summary of ECF order saved printed | .10 |
| 7/16/15 | Civil Cover Sheet SSA Commissioner | .10 |
| 7/30/15 | Assembly of documents for service of process | 1.0 |
| 8/8/15 | Prepare certificate of service | .20 |
| 8/11/15 | Mailed Cert Letter | .20 |
| 9/15/15 | Certificate of Service POT | .10 |
| 9/17/15 | Certificate of Service Mailed | .20 |
| 10/21/15 | Receipt filing of green cards certified mail | .20 |
| 12/29/15 | Summary of ECF; file review | .35 |
| 12/31/15 | Scheduling order received processed | .2 |
| 12/31/15 | Download of 4502 transcript pages of records and evidence from agency proceedings procedure; print index to work with | .45 |
| 1/29/16 | File motion cc to defendant | .25 |
| 7/5/16 | File EAJA petition, email defense counsel | .10 |
| | **TOTAL:** | 4.45 hours |

"Filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees." Broome v. Biondi, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997) (citation omitted); see

9

also Ryan, 882 F. Supp. 2d at 636 ("Plaintiffs cannot recover for time spent by attorneys completing administrative tasks." (collecting cases)). Such clerical tasks are also not compensable in cases seeking an award of attorneys' fees under the EAJA. See Rivera v. Colvin, No. 3:14CV1012(WIG), 2016 WL 1363574, at *2 (D. Conn. Apr. 6, 2016) (clerical tasks are "not compensable under the EAJA" (citing cases)); see also id. ("A reduction of time is warranted for review of standard court filings, particularly by an attorney with experience in social security cases." (citing cases)); J.O., 2014 WL 1031666, at *2 ("Time spent doing clerical tasks is not compensable." (citation omitted)); Gelinas v. Colvin, No. 3:13CV891(CSH), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) ("Counsel's hours spent doing certain clerical tasks, such as drafting a certificate of service, converting documents to searchable format, downloading court documents from CM/ECF, downloading the summons, compiling documents for service on defendant, and calendaring dates, are not compensable under the EAJA." (collecting cases)). Accordingly, the Court finds a reduction in time by 4.45 hours for the performance of clerical tasks is warranted. To the extent that some of these clerical tasks were included in block entries, this further warrants a reduction in time. See Gelinas,

10

2014 WL 2567086, at *2.[5]

Therefore, in light of the foregoing, and because "of the Second Circuit's caution that fees under the EAJA should be awarded with an 'eye to moderation,'" Gelinas, 2014 WL 2567086, at *2 (quoting N.Y. Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983)), the Court finds the total reduction of 13.55 hours from 58 hours is warranted. Accordingly, plaintiff's counsel is entitled to an award of fees for 44.45 hours of compensable work, in the amount of $8,660.64.

## CONCLUSION

For the reasons set forth herein, the plaintiff's Application and Affidavit for Attorney's Fees Under 28 U.S.C. Sec. 2412 [Doc. #34] is **GRANTED, in part**. The Court awards 44.45 hours of attorney time at the hourly rate of $194.84, for a total amount of $8,660.64 for attorney time.

This is not a Recommended Ruling. This is a ruling on attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.

---

[5] On at least two prior occasions this plaintiff's counsel's time for clerical tasks has been disallowed. See Gelinas, 2014 WL 2567086, at *2; J.O., 2014 WL 1031666. at *2. Presumably, then, plaintiff's counsel was aware that time spent on clerical tasks is not compensable under the EAJA.

72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

Dated at New Haven, Connecticut, this 3rd day of August 2016.

```
                              /s/
              Hon. Sarah A. L. Merriam
              United States Magistrate Judge
```